IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ACADIA INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-476 |
| | ) | (SHIRLEY) |
| HARDWICK CONSTRUCTION, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This civil action is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 7] on the defendants' Motion for Sanctions with Regard to Court Ordered Mediation. [Doc. 64] The defendants move the Court to impose sanctions on the plaintiff. As grounds the defendants state that mediation is currently scheduled for April 7, 2008, at 9:00 a.m., but the defendants contend that the plaintiffs will not have a representative present at the mediation with settlement authority. The plaintiff opposes the motion, arguing that its representative at that past mediation had "reasonable authority," and arguing that Acadia is prepared to participate in mediation.

Local Rule 16.4(l) states that

> Unless otherwise excused by the Mediator in writing, all parties, or party representatives, and any required claims professionals (e.g., insurance adjusters) shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.

E.D.TN. LR 16.4(l). In light of that local rule, the parties are **DIRECTED** to ensure that their representatives at the mediation have "full authority to negotiate a settlement," as required by the local rules. The Court considers mediation to be an integral part of the litigation process. The parties are advised to treat it accordingly. However, given that the mediation has not yet occurred, the Court finds that sanctions are not appropriate at this time. Accordingly, the defendants' motion [Doc. 64] is **DENIED**. After the mediation, should any party feel that one of the parties did not mediate the case in good faith, or otherwise violated the Rules of this Court, they may file the appropriate motion at that time. Additionally, Mediator Hogan is requested to complete and file the standard mediation form (attached), which counsel should provide to him.

IT IS SO ORDERED.

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge